UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FULLER FAMILY TRUST, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:23-cv-00091-MMD-DJA<br><br>ORDER |

**I.　SUMMARY**

In this removed action, Plaintiffs Fuller Family Trust (the "Trust") and Donald F. Fuller, proceeding *pro se* individually and as a trustee of the Trust, sued Defendants Nationstar Mortgage LLC, doing business as Mr. Cooper, and Deutsch Holdings, LLC[1] for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"). (ECF No. 1-1 ("Complaint").) Before the Court is Defendants' motion to dismiss or, in the alternative, motion for a more definite statement (ECF No. 7 ("Motion")).[2] As further explained below, the Court will grant Defendants' Motion but will grant Plaintiffs leave to amend their Complaint.

**II.　BACKGROUND**

The following allegations are adapted from the Complaint. Plaintiffs appear to allege that Fuller is or was the borrower on the mortgage used to purchase real property located at 8105 Meantmore Avenue, Las Vegas, Nevada 89117 (the "Property") and that

---

[1] Defendants assert that the correct name of Deutsch Holdings, LLC is Deutsche Bank National Trust Company. (ECF No. 7 at 1.) Plaintiffs appear to concede this point, as they refer to that Defendant as "Deutsche Bank" in their opposition. (ECF No. 10 at 1.) Accordingly, the Court will use that correct name moving forward.

[2] Plaintiff filed a response (ECF No. 10), and Defendants filed a reply (ECF No. 11). Although only Nationstar's name is included in the title of the motion and subsequent reply, it is clear from the body of those briefs that both Defendants jointly filed them.

Nationstar was the servicer on that mortgage. (ECF No. 1-1 at 5-8.) Plaintiffs appear to allege that Fuller "was the legal owner" of the Property. (*Id.* at 7.)

Plaintiffs allege that Nationstar charged Fuller "double the amount of escrow payments," failed to "provide what the principal balance after the loan was brought current would be," failed to respond to Fuller's appeal of a loan modification application within "thirty days to comply with RESPA," and commenced foreclosure "prior to [Fuller] receiving a reply to his modification denial." (*Id.* at 6-7.)

Plaintiffs allege that Defendants' actions caused Fuller to be "in fear of losing their home [and] to refinance at a considerable cost and inflated interest rate." (*Id.* at 8.) Plaintiffs appear to broadly assert claims against Defendants for violations of RESPA and seek damages. (*Id.*)

## III.  DISCUSSION

Defendants argue that Plaintiffs fail to provide fair notice of the grounds of their RESPA claims, the Complaint contains no allegations against Deutsche Bank, and Fuller cannot represent the Fuller Family Trust. (ECF No. 7 at 4-5.) The Court addresses each of Defendants' arguments in turn and whether it will grant Plaintiffs leave to amend their claims.

### A.  Sufficiency of RESPA Claims

As part of meeting the pleading standard under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs must provide "fair notice" to Defendants under Rule 8(a) of what their claims are and the grounds on which the claims rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants argue that Plaintiffs' Complaint does not provide this requisite "fair notice." (ECF No. 7 at 4.) Plaintiffs appear to allege that Defendants violated RESPA. (ECF No. 1-1 at 8.) However, as Defendants point out, Plaintiffs do not specify which provisions of RESPA that Defendants allegedly violated. (ECF No. 7 at 4.) Plaintiffs' opposition attempts to clarify the alleged RESPA violations but simply restates the Complaint allegations and still does not identify the corresponding RESPA provisions.

(ECF No. 10 at 1.) Neither Defendants nor the Court are able to ascertain from Plaintiffs' general allegations which RESPA provisions are at issue.

Defendants assert that without any indication of what RESPA provisions form the basis of the Complaint, they cannot even determine whether violations of those provisions create a private cause of action. (ECF No. 7 at 4.) The Court agrees. When analyzing RESPA claims, "the Court must first determine whether the provisions of RESPA that Plaintiffs bring claims under provide for a private right of action." *Ford v. Nationstar Mortg., LLC*, Case No. 2:16-cv-00344-RFB-PAL, 2018 WL 2418541, at *3 (D. Nev. May 28, 2018); *see also Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010) ("A plaintiff may only bring a cause of action to enforce a federal law if the law provides a private right of action."). As the Complaint stands, the Court cannot conduct such a threshold determination nor can Defendants properly defend themselves against Plaintiffs' claims. Accordingly, the Court finds that Plaintiff's Complaint does not adequately state a claim and grants the Motion.[3]

However, the Court will grant Plaintiffs leave to amend their claims. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, the Court finds that amendment would not necessarily be futile. The identified deficiencies could be cured, for instance, if Plaintiffs were to list out each of the provisions of RESPA, 12 U.S.C. §§ 2601, *et seq.*, that they allege Defendants violated, with citations to each statutory subsection and brief descriptions with dates and names explaining how Defendants violated those provisions.

---

[3]It is unclear to the Court whether Plaintiffs are attempting to assert claims beyond violations of RESPA, but to the extent they are, those claims similarly fail to meet the 12(b)(6) standard.

### B. Claims Against Deutsche Bank

Defendants also argue that the Court should dismiss the claims against Deutsche Bank because the Complaint contains no allegations against it. (ECF No. 7 at 5.) Plaintiffs do not explicitly respond to this argument. While there are a few general references to "Defendants," which presumably includes Deutsche Bank, the Complaint predominantly names Nationstar, and there are no specific allegations against Deutsche Bank that would put it on fair notice of the claims against it. (ECF No. 1-1.) Accordingly, the Court also grants the Motion as to Deutsche Bank.

However, as evidenced by Plaintiffs' new allegation in their opposition that "Deutsche Bank appointed [Nationstar] to service [its] loan, [and it] gave the directions as to how to act and are one and the same with [Nationstar]," amendment would not necessarily be futile. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001) (stating that facts raised for the first time in a plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice). The Court therefore grants Plaintiffs leave to amend their claims against Deutsche Bank.

### C. Representation of the Trust

Defendants lastly argue that Fuller, as a *pro se* litigant alleging to be a trustee of the Fuller Family Trust (ECF No. 1-1 at 4), cannot represent the Trust. (ECF No. 7 at 5.) Plaintiffs do not respond to this argument. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," [and] "[h]e has no authority to appear as an attorney for others than himself." *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). Accordingly, while Federal Rule of Civil Procedure 17(a) authorizes a trustee to sue on behalf of a trust without joining the actual beneficiaries of the trust, "the rule does not warrant the conclusion that a nonlawyer [trustee] can maintain such a suit *in propria persona*." *See id.* at 698. That is, a nonlawyer trustee, proceeding *pro se*, may not bring claims on behalf of a trust, unless he is the sole beneficiary of the trust. *See id.* at 697-98; *see also Oswald v. I.R.S.*, 888

F.2d 130, 1989 WL 124143 (Table) (9th Cir. 1989) ("As [the plaintiff] is neither an attorney nor the sole beneficiary of the . . . trust, he is not entitled to prosecute the trust's . . . claims in federal court.").

Here, the Complaint does not identify the beneficiaries of the Trust, so there is no indication that Fuller is the sole beneficiary of the Trust. (ECF No. 1-1.) Therefore, accepting the allegations in the Complaint as true, Fuller may not proceed with the Trust's claims without obtaining counsel, and the Court must dismiss the Trust as a party. However, the Court grants Plaintiffs leave to amend to identify the beneficiaries of the Trust. If Fuller is not the sole beneficiary and does not join all the beneficiaries of the Trust as plaintiffs, then Plaintiffs must retain counsel to proceed. The Court therefore directs Plaintiffs to file a notice within 30 days of the date of this order either: (1) indicating that they have obtained counsel to represent them in this action; or (2) explaining and providing evidence, such as a sworn declaration, of why counsel for the Trust is not legally required (*e.g.*, Fuller is the sole beneficiary of the Trust). Failure to do so will result in dismissal of the Trust.

Lastly, the Court *sua sponte* takes judicial notice of the public records pertaining to the Property, which indicate that the legal owner of the Property is the Fuller Family Trust, not Fuller. *See* Clark County, Nevada, Real Property Records, https://maps.clarkcountynv.gov/assessor/AssessorParcelDetail/parceldetail.aspx?hdnParcel=16304513015&hdnInstance=pcl7; *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Federal Rule of Evidence 201). Therefore, any amended complaint should clarify any relevant past and present ownership of the Property, consistent with the above-referenced public records, and include plausible allegations sufficient to demonstrate standing for each Plaintiff. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) ("[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete

and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.").

IV.  **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 7) is granted, but the Court grants Plaintiffs leave to amend as specified herein.

It is further ordered that Plaintiffs must file their first amended complaint containing amended allegations to cure the deficiencies identified herein within 30 days of the date of this order.

It is further ordered that Plaintiffs must file a notice within 30 days of the date of this order either: (1) indicating that they have obtained counsel to represent them in this action; or (2) explaining and providing evidence of why counsel for the Trust is not legally required.

It is further ordered that if Plaintiffs do not timely comply with these orders contained herein, the Court will dismiss this case without prejudice.

DATED THIS 6th Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE