UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FULLER FAMILY TRUST, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:23-cv-00091-MMD-DJA<br><br>ORDER |

　　On June 6, 2023, this Court ordered Plaintiffs to file within 30 days an amended complaint and a notice either: (1) indicating that they have obtained counsel to represent them in this action; or (2) explaining and providing evidence of why counsel for the Trust is not legally required. (ECF No. 12.) That deadline has now long expired, and Plaintiffs have not filed an amended complaint nor a notice responsive to the Court's order.

　　District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's latest order requiring Plaintiff to file an amended complaint and notice regarding counsel expressly stated: "It is further ordered that if Plaintiffs do not timely comply with these orders contained herein, the Court will dismiss this case without prejudice." (ECF No. 12 at 6.) Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint and notice regarding counsel in compliance with this Court's order (ECF No. 12).

The Clerk of Court is directed to enter judgment accordingly and close this case.

///

///

DATED THIS 3rd Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE